NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1640-24

THOMAS PACIORKOWSKI,
individually and on behalf of
those similarly situated,

    Plaintiff-Appellant,

v.

JETSON ELECTRIC BIKES
LLC, d/b/a JETSON and JETSON
ELECTRIC,

    Defendant-Respondent.

_____

> **APPROVED FOR PUBLICATION**
> **February 17, 2026**
> **APPELLATE DIVISION**

Submitted November 18, 2025 – Decided February 17, 2026

Before Judges Gilson, Firko, and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0051-24.

Thomas Paciorkowski, self-represented appellant.

Respondent has not filed a brief.

The opinion of the court was delivered by

GILSON, P.J.A.D.

Plaintiff Thomas Paciorkowski purchased three electric bikes manufactured by defendant Jetson Electric Bikes, LLC (Jetson). He contends

Jetson made misrepresentations and engaged in several unconscionable commercial practices in advertising and marketing its electronic bikes.

Plaintiff is an attorney, and he sued defendant alleging various causes of action, including violations of the New Jersey Consumer Fraud Act (CF Act), N.J.S.A. 56:8-1 to -233. The complaint asserted individual claims and sought to certify a class action.

Plaintiff appeals from an order denying his motion to certify a class and dismissing his claims for lack of standing. The trial court reasoned plaintiff did not have standing to bring any of his claims because he had not suffered a personal injury from using the Jetson electric bikes.

Having reviewed the record and law, we determine plaintiff has alleged damages and ascertainable losses. Thus, he had standing to bring his individual claims. Accordingly, we reverse the order to the extent it dismissed plaintiff's individual claims. Plaintiff cannot, however, represent the proposed class while he is also serving as the proposed representative plaintiff. Those dual roles involve inherent conflicts of interest. We, therefore, affirm the portion of the order that denied certifying a class action. On remand, plaintiff can only pursue his individual claims.

A-1640-24

I.

We discern the facts from the motion record. In doing so, we note the record before us is limited because defendant never appeared and plaintiff represents that a default judgment was entered against defendant.[1] Plaintiff then moved for class certification, relying on the allegations in his complaint to satisfy his claims of numerosity, commonality, typicality, and adequacy of representation.

On January 9, 2020, plaintiff purchased a Jetson Bolt electric bike (Bolt) for $199.97 at a Costco in Bayonne, New Jersey. Three days later, plaintiff bought a second Bolt at the same Costco for the same price. Eight months later, on August 21, 2020, plaintiff purchased a third bike, a Jetson Bolt Pro (Bolt Pro) at the same Costo for $299.99. Plaintiff alleges that he purchased the bikes for personal use, primarily to be used on vacations. He represents that he did not use the bikes for over a year and first became aware they were defective when he went to inflate the bike tires and discovered the tires would not support his weight or the weight capacity listed on the bikes.

---

[1] The record does not include an order defaulting defendant. Instead, plaintiff filed a certification making that representation, but he did not include the court order.

A-1640-24

On January 5, 2024, almost four years after purchasing his first bike, plaintiff filed a complaint against defendant asserting individual claims and seeking to certify a class action. In his complaint, plaintiff asserted seven causes of action: two violations of the CF Act; common law fraud; breach of express warranties; breach of implied warranties of merchantability; violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312; and unjust enrichment. In his prayers for relief, plaintiff seeks individual and class damages, treble damages, punitive damages, declaratory relief, injunctions, and attorney's fees.

Plaintiff alleges that defendant made misrepresentations and engaged in unconscionable commercial practices in advertising and marketing its Bolt and Bolt Pro electric bikes. In that regard, plaintiff asserts four main contentions. First, he claims the Bolt had a maximum rider-weight limit of 250 pounds and the Bolt Pro had a maximum rider-weight limit of 265 pounds, but both bikes were equipped with tires that could not support those weights. Specifically, plaintiff contends that when he inspected the bike tires, he discovered the Bolt tires could support a rider weighing only up to 142 pounds and the Bolt Pro tires could support a rider weighing only up to 201 pounds. Moreover, plaintiff asserts the bikes were marketed for use by adults only, but the bikes cannot

4

support the average weight of an adult and, therefore, the bikes are public health and safety hazards.

Second, plaintiff alleges that Jetson advertised the Bolt and Bolt Pro tires as being made from rubber. The tires, however, were actually made from nylon, which he alleges is cheaper and inferior to rubber.

Third, plaintiff contends that defendant advertised the Bolt and Bolt Pro as being made from rust-proof aluminum, but the bike frames were actually made from cheaper steel or iron that could rust. In support of that claim, plaintiff alleges he tested the bike frames with a magnet, and the strong magnetic attraction demonstrated the frames were composed of steel or iron but not aluminum, which does not have a magnetic attraction.

Fourth, plaintiff asserts that both the Bolt and Bolt Pro are effectively illegal to use in New Jersey. He contends that although the Bolt is motorized, it lacks pedals and, therefore, should be classified as a motorcycle under New Jersey law and cannot be used on bike paths or bike lanes in New Jersey. Additionally, plaintiff alleges the labels on the Bolt are inconsistent. The labels state the Bolt should "never [be] use[d] near motor vehicles" but then state that the Bolt is "not designed . . . for off-road use." Concerning the Bolt Pro, plaintiff

5

asserts that it suffers from the same problems. Therefore, plaintiff contends that both bikes are illegal to use in New Jersey.

Plaintiff represents that the complaint was personally served on defendant in New York, but the record does not contain the affidavit of service. On April 8, 2024, plaintiff moved for entry of default, and he represents that on May 10, 2024, an order of default was entered against defendant.

On September 18, 2024, plaintiff moved to certify a class, which he defined as: "All purchasers of Jetson Bolts and Bolt Pros who purchased the products at Costco stores in New Jersey or who purchased online at Costco and had the product shipped to a New Jersey address. The class excludes everyone who returned the product to Costco." In his supporting papers, plaintiff contended that he obtained information from Costco, and represented there are 230 potential plaintiffs who purchased Bolts and 4,863 potential plaintiffs who purchased Bolt Pros. Plaintiff has not explained if he has the ability to identify the members of the proposed class.

In addition to certifying a class, plaintiff moved for other relief against defendant. In that regard, he sought a default money judgment, permanent injunctions, declaratory judgments, and the right to pursue attorney's fees and punitive damages.

6

Plaintiff represents that he served his motion papers on defendant, but there is no proof of service apart from his certification. The record does reflect that defendant did not respond to the motion. On October 25, 2024, the trial court heard plaintiff's oral argument in support of the motion. Thereafter, on December 24, 2024, the trial court entered an order denying defendant's motion.

In a brief written statement attached to the order, the trial court determined plaintiff lacked standing to bring the claims. In that regard, while the court accepted plaintiff's representation that he had purchased Jetson bikes, the court reasoned he had "suffered no personal injury from the product," and, therefore, lacked standing to bring any claim.

Plaintiff now appeals from the December 24, 2024 order. We accept the appeal as an appeal from a final order. Although the December 24, 2024 order does not state it is a final order, it effectively dismissed all of plaintiff's claims.

## II.

On appeal, plaintiff makes five arguments. He contends (1) he presented a prima facie case under the CF Act and has standing to pursue his CF Act claims; (2) he satisfied the requirements for certifying a class and the class should have been certified; (3) he satisfied the requirements for a default judgment and a default judgment should have been entered; (4) he satisfied the

7

requirements for a declaratory judgment and a declaratory judgment should have been granted; and (5) he satisfied the requirements for an injunction and defendant should have been enjoined from distributing Jetson Bolt and Bolt Pros in New Jersey.

Plaintiff's arguments are dependent on his standing to bring his individual claims and whether he has satisfied the criteria for certifying a class. Accordingly, we begin our analysis by examining those two issues.

A.    Standing.

"Standing 'refers to the plaintiff's ability or entitlement to maintain an action before the court.'" In re Adoption of Baby T., 160 N.J. 332, 340 (1999) (quoting N.J. Citizen Action v. Riviera Motel Corp., 296 N.J. Super. 402, 409 (App. Div. 1997)). New Jersey courts liberally grant litigants standing to sue. Jen Elec., Inc. v. County of Essex, 197 N.J. 627, 645 (2009). Generally, courts recognize standing when the party seeking relief demonstrates a sufficient personal stake to guarantee adversity and presents a controversy capable of judicial resolution. State v. Lavrik, 472 N.J. Super. 192, 204 (App. Div. 2022) (citing Bondi v. Citigroup, Inc., 423 N.J. Super. 377, 436-37 (App. Div. 2011)). "A litigant with a financial interest in the outcome of the litigation will

ordinarily have standing." Courier-Post Newspaper v. County of Camden, 413 N.J. Super. 372, 381 (App. Div. 2010).

"Standing is a threshold requirement for justiciability." Watkins v. Resorts Int'l. Hotel & Casino, Inc., 124 N.J. 398, 421 (1991). A trial court's determination of standing is reviewed de novo as a question of law. Petro v. Platkin, 472 N.J. Super. 536, 558 (App. Div. 2022).

The trial court did not analyze plaintiff's specific alleged causes of action in making its standing determination. Before us, plaintiff focuses on his standing under the CF Act. Accordingly, we begin our analysis with the CF Act.

A plaintiff can bring a claim under the CF Act if he or she "suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under [the CF Act]." N.J.S.A. 56:8-19. An ascertainable loss is one that is "quantifiable or measurable." Robey v. SPARC Grp. LLC, 256 N.J. 541, 548 (2024) (quoting Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 248 (2005)). An out-of-pocket loss or a loss in value of the product received relative to what was promised is sufficient to establish damage under the CF Act. Thiedemann, 183 N.J. at 248. In other words, "[a] plaintiff can establish

an ascertainable loss by demonstrating either an out-of-pocket loss or a deprivation of the benefit of one's bargain." Robey, 256 N.J. at 548.

"A consumer suffers an immediate, out-of-pocket loss or expense when an item purchased is essentially unusable for its intended purpose or causes buyers to incur additional costs." Id. at 556. Additionally, if a plaintiff loses money because of defendant's unconscionable commercial practices, that loss also establishes an ascertainable loss under the CF Act. D'Agostino v. Maldonado, 216 N.J. 168, 192-93 (2013).

In this matter, plaintiff alleged ascertainable losses under the CF Act. Plaintiff purchased three Jetson bikes for just under $700. He alleges that those bikes are defective and unusable and, therefore, he has asserted losses of approximately $700.

Moreover, plaintiff has also alleged facts establishing a prima facie claim under the CF Act. In addition to proving ascertainable loss, a plaintiff asserting a CF Act claim must establish evidence of (1) "unlawful conduct by defendant;" and (2) "a causal relationship between the unlawful conduct and the ascertainable loss." Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009).

In terms of unlawful conduct by defendant, plaintiff has alleged that defendant (1) misrepresented the Bolt's and Bolt Pro's weight capacity; (2)

10

falsely stated that the bike tires were made of rubber when they were made of nylon; (3) falsely stated that the Bolt and the Bolt Pro were made of aluminum when they were made from steel or iron; and (4) sold bikes that are illegal to use in New Jersey. If found to be true, those misrepresentations could constitute unlawful conduct by defendant within the meaning of the CF Act.

Plaintiff has also sufficiently pled a causal relationship between the unlawful conduct and his ascertainable loss. Plaintiff alleges that defendant marketed the Bolt and Bolt Pro to adults and contends the tires on the bikes cannot support the average weight of an adult. He also alleges the Bolt and Bolt Pro cannot be operated legally in New Jersey. He has, therefore, shown a causal link between what he alleges as false advertising, which induced him to purchase the bikes, and his loss in that he cannot safely use the bikes.

In dismissing all of plaintiff's claims, the trial court determined that plaintiff lacked standing because he had not suffered a personal injury. Personal injury is not a requirement for standing under the CF Act. See N.J.S.A. 56:8-19. Indeed, the New Jersey Supreme Court has clarified that the CF Act only allows the recovery of economic damage and does not permit the recovery of non-economic damages. Gennari v. Weichert Co. Realtors, 148 N.J. 582, 613 (1997); see also Cole v. Laughrey Funeral Home, 376 N.J. Super. 135, 144 (App.

Div. 2005) (explaining <u>Gennari</u> made it "clear[,] that non-economic damages are not recoverable under the CF [Act]").

The same losses that satisfy the ascertainable loss under the CF Act would also constitute damages and give plaintiff standing to bring his other claims. In that regard, plaintiffs do not need to plead or demonstrate a personal injury to pursue claims for fraud, <u>see</u> <u>Gennari</u>, 148 N.J. at 594-600, 610 (holding that defendants were liable for common-law fraud despite the absence of any personal injury); breaches of implied or express warranties, <u>see</u> <u>Ford Motor Credit Co., LLC, v. Mendola</u>, 427 N.J. Super. 226, 240-41 (App. Div. 2012) (explaining "[p]urely economic damages are addressed by the . . . relevant sections of the Uniform Commercial Code" that pertain to express and implied warranties); or unjust enrichment, <u>see</u> <u>Thieme v. Aucoin-Thieme</u>, 227 N.J. 269, 288 (2016) (quoting <u>Iliadis v. Wal-Mart Stores, Inc.</u>, 191 N.J. 88, 110 (2007)) (explaining that to seek a claim for unjust enrichment, a party need only demonstrate the defendant "received a benefit and that retention of that benefit without payment would be unjust").[2]

_____

[2] In the record before us, plaintiff has not demonstrated a violation of the Magnuson-Moss Warranty Act. That federal Act requires consumers to demonstrate that they provided the seller with an opportunity to cure the defect. 15 U.S.C. § 2310(e).

Consequently, the trial court erred in concluding that plaintiff did not have standing to pursue his alleged individual claims. Nevertheless, standing to pursue individual claims does not mean that plaintiff has satisfied the criteria for certifying a class.

B.    The Criteria for Class Certification.

A class action allows "one or more individuals to act as plaintiff or plaintiffs in representing the interests of a larger group of persons with similar claims." Lee v. Carter-Reed Co., L.L.C., 203 N.J. 496, 517 (2010). "A class action can create an incentive for a large number of individuals who may have similar valid claims to 'band together' when 'those claims in isolation are "too small . . . to warrant recourse to litigation."'" Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 172 (2021) (quoting Lee, 203 N.J. at 517).

"Rules 4:32-1 and -2 govern class actions in New Jersey." Id. at 173. Rule 4:32-1 sets forth four general prerequisites for maintaining a class action. Those prerequisites are:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

13

[R. 4:32-1(a).]

Those prerequisites are "frequently termed 'numerosity, commonality, typicality[,] and adequacy of representation.'" Dugan v. TGI Fridays, Inc., 231 N.J. 24, 47 (2017) (quoting Lee, 203 N.J. at 519).

In addition to the prerequisites of subsection (a), a plaintiff seeking to certify a class must also satisfy one of the three requirements of subsection (b). R. 4:32-1(b). Among those requirements, the plaintiff usually must also establish predominance and superiority. See Lee, 203 N.J. at 526-29. In that regard, Rule 4:32-1(b)(3) states:

> An action may be maintained as a class action if the prerequisites of paragraph (a) are satisfied, and in addition:
>
>     . . . .
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The factors pertinent to the findings include:
>
> (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions;

14

(b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(c) the desirability or undesirability in concentrating the litigation of the claims in the particular forum; and

(d) the difficulties likely to be encountered in the management of a class action.

[R. 4:32-1(b)(3).]

A trial court's decision to grant or deny class certification is reviewed for abuse of discretion. Dugan, 231 N.J. at 50 (citing In re Cadillac V8-6-4 Class Action, 93 N.J. 412, 438-39 (1983)). In this matter, the trial court never addressed whether a class should be certified. Normally, we would remand for a development of the record on whether the criteria for class certification existed. We do not do that in this matter, however, because we hold that plaintiff cannot serve both as the class representative and counsel for the class.

Over forty years ago, the New Jersey Supreme Court adopted a general rule prohibiting a lawyer from serving in the dual capacities of class representative and attorney for the class. In re Cadillac, 93 N.J. at 439-40. The Court identified three concerns. The first was the appearance of impropriety. Ibid. The second was a "potential" conflict of interest because attorneys' fees are drawn from the fund that also provided compensation to class members.

A-1640-24

Ibid.  The third concern was the prohibition against an attorney acting as counsel in a case where he or she might also be a witness.  Id. at 440.

The New Jersey Supreme Court did not adopt a per se rule prohibiting a lawyer from serving in the dual roles.  Instead, it identified one limited exception, and held that an attorney might serve as both the counsel and class representative in certain public interest litigations.  Ibid.

Plaintiff argues that changes in both the law and court rules suggest the rule announced in In re Cadillac is no longer valid.  First, plaintiff contends that the Supreme Court abolished the appearance of impropriety rule when it adopted new ethics standards in 2006.  Plaintiff also points out that usually only actual conflicts of interest bar representation as compared to potential conflicts.  Finally, plaintiff argues that Rule 4:32-2 has been amended to add subsection (h), which requires both court approval and notice to the class before counsel fees in a class action can be awarded.  R. 4:32-2(h).

We reject plaintiff's arguments for several reasons.  First, plaintiff has not cited, and we are not aware of, any case questioning the validity of the rule established in In re Cadillac.  Indeed, the Court in In re Cadillac cited a rule adopted by the United States Courts of Appeals for the Third Circuit that prohibited per se a lawyer from serving in the dual roles.  See Kramer v.

A-1640-24

Scientific Control Corp., 534 F.2d 1085, 1090 (3d Cir. 1976) (stating "we agree that a plaintiff class representative [can] not . . . serve as class counsel"). The Third Circuit continues to adhere to its per se prohibition. See Fechter v. HMW Indus., 117 F.R.D. 362, 364-65 (E.D. Pa. 1987) (recognizing the continuing validity of Kramer); City Select Auto Sales, Inc. v. David Randall Assocs., Inc., 296 F.R.D. 299, 320 n.11 (D.N.J. 2013) (same).

We recognize that there are no recent cases discussing the rule set forth in In re Cadillac, as well as the Third Circuit's per se prohibition. We interpret that silence as acceptance of the well-established rule and its continued validity.

Moreover, we are not persuaded that the changes cited by plaintiff support abandoning the rule established in In re Cadillac. While the changes identified by plaintiff have been made, they do not resolve all the conflicts identified by the Court in In re Cadillac. Class actions are unique, and as the Court recognized, they present unique challenges for adequate representation. We are convinced the concerns that led the Court to adopt a general rule prohibiting attorneys from serving in dual roles in class actions still apply. Furthermore, this action is not the type of public interest action the Court identified as an exception to the general rule. See In re Cadillac, 93 N.J. at 440.

17

Consequently, we affirm the portion of the order denying class certification on the alternative grounds that plaintiff cannot serve in the dual role as class representative and class counsel.

### III.

In summary, we reverse the portion of the December 24, 2024 order that dismissed plaintiff's individual claims. We remand with direction that the individual claims be reinstated and plaintiff be permitted to pursue those claims. The current record is insufficient to establish what relief plaintiff is entitled to in an individual capacity on his claims for damages, declaratory judgments, injunctive relief, fees, and costs. Those issues will have to be developed on a more complete record. We affirm the portion of the order that denied class certification.

Reversed in part, affirmed in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

18                                                          A-1640-24